UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-CV-80921-ROSENBERG

JOSHUA ANDRE PEE,

    Plaintiff,

v.

OFFICER JOHNATHAN ZIMMERMAN,
 et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint. DE 28.  The Motion has been fully briefed.  The Court has reviewed the Motion, the Response, DE 36, and the record and is otherwise fully briefed in the premises.  For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.  The Court **DISMISSES** the Amended Complaint as a shotgun pleading with leave to amend.

### I.    Factual Allegations

*Pro se* Plaintiff Joshua Pee brings this suit against several Florida Highway Patrol ("FHP") officers for a variety of alleged constitutional violations during two encounters on October 22, 2022 and December 1, 2022. DE 25.  On October 22, 2022, Plaintiff was pulled over by an unnamed FHP officer for a traffic infraction. *Id.* at ¶ 5.  Shortly after, the unnamed officer contacted additional officers for backup, and Defendant Sergeant Mario Alarcon arrived. *Id.* at ¶ 5.  Alarcon grabbed and twisted Plaintiff's wrist without justification, causing Plaintiff pain as he was removed from his vehicle. *Id.* at ¶ 6.  Alarcon then slammed Plaintiff against the hood of the unnamed officer's vehicle. *Id.* at ¶ 7.  Without cause, Alarcon then searched Plaintiff's vehicle, damaging

Plaintiff's car in the process. *Id.* at ¶ 8.  This illegal search revealed a marijuana grinder; Plaintiff was then arrested for driving without a valid driver's license and possession of drug paraphernalia. *Id.*

After release, Plaintiff complained about Alarcon's behavior to Defendant Captain Kevin Strickland, who apologized to Plaintiff about Alarcon's behavior. *Id.* at ¶¶ 10–11.  When Plaintiff did not learn of any progress on his complaint against Alarcon, he returned to speak with Strickland at an FHP station on December 1, 2022. *Id.* at ¶ 12.  But Plaintiff never entered the station because, when Plaintiff was holding the station door open for Strickland, Strickland slammed the door in anger. *Id.* at ¶ 13.  Plaintiff decided to leave the station. *Id.*

Immediately after leaving the station, Plaintiff was stopped by several FHP officers, including Strickland, Defendant Jonathan Zimmerman, and Defendant Sergeant Birgit Handzik. *Id.* at ¶ 14.  They barricaded Plaintiff's car and ordered Plaintiff out of his car. *Id.* at ¶ 15.  Plaintiff complied. *Id.* at ¶ 16.  Nonetheless, Handzik, Zimmerman, and several other FHP officers deployed their tasers on Plaintiff, causing him severe pain all over his body, including his head. *Id.*  Plaintiff ran away from the officers toward Strickland and then laid face down on the ground in front of him. *Id.* at ¶ 16.  While Plaintiff was already on the ground, Strickland kneeled on Plaintiff's neck, handcuffed Plaintiff, and discharged his taser on Plaintiff's leg. *Id.* at ¶ 17.

Instead of allowing Plaintiff to be treated by the Emergency Medical Technicians for medical care, Strickland, Zimmerman, and Alarcon detained Plaintiff in another FHP officer's car for nine hours. *Id.* at ¶ 18.  They then attempted to check Plaintiff into the Palm Beach County Jail, but the intake nurse would not accept Plaintiff without medical clearance from a doctor because he had been tased. *Id.* at ¶ 19.  FHP officers Strickland, Defendant Harold Lauredan, and Defendant David Fanegio transported Plaintiff to Good Samaritan Urgent Care in West Palm Beach. *Id.* at ¶

20. During transport and while Plaintiff was restrained, Fanegio punched Plaintiff in the back and the officers dropped Plaintiff on the ground, breaking his front teeth. *Id.* Though Zimmermann and an unnamed trooper left to speak to a doctor, a doctor never examined Plaintiff. *Id.* at ¶ 21. Plaintiff was then transported to Palm Beach County Jail and accepted for booking. *Id.*

On June 15, 2023, Plaintiff filed this suit against the above-named Defendants. DE 1.[1] Plaintiff alleges that Defendant Handzik, in her individual capacity, violated Plaintiff's civil rights for deploying her taser while Plaintiff was restrained, causing him pain and injury. DE 25 at ¶ 24. Defendant Strickland, in his individual capacity, violated Plaintiff's rights by participating in the illegal stop on December 1, 2022, failing to intervene when Handzik deployed her taser, kneeling on Plaintiff's neck, and sending the ambulance away when Plaintiff needed care. *Id.* at ¶¶ 22–23, 25. Defendant Alarcon, in his individual capacity, violated Plaintiff's rights by using excessive force during the October 20, 2022 traffic stop and denying Plaintiff treatment from the EMTs on December 1, 2022. *Id.* at ¶ 26. Defendants Fanegio, Lauredan, and Zimmerman violated Plaintiff's rights by repeated dropping him when he was "hog-tied" on December 1, 2022. *Id.* at ¶ 27. Against all Defendants, Plaintiff alleges violations of his First Amendment right to freedom of speech and Eight Amendment right to be free from cruel and unusual punishment as well as deliberate indifference to medical needs; against "some defendants," Plaintiff alleges violations of the Fourth Amendment right to be free of excessive force. *Id.* at ¶ 2, 28–29.[2]

## II.   The Parties' Arguments

Defendants filed a Motion to Dismiss the Amended Complaint for three reasons. DE 28. First, Defendants allege the Amended Complaint is a shotgun pleading. *Id.* at 6–8. Second,

---

[1] The following recitation of the causes of action follows the organization of Plaintiff's Amended Complaint.
[2] Plaintiff may be attempting to raise a claim for a right to be free from "police misconduct." DE 25 at ¶2. This is not a valid claim and, as such, the Court does not consider it any further.

Defendants allege qualified immunity shields them from suit. *Id.* at 8–12.   Third, Defendants challenge the sufficiency of Plaintiff's claims.

As to Defendants' argument regarding a shotgun pleading, Plaintiff, in his Response, requests leave to file a second amended complaint.[3]  Plaintiff responds that the Court should deny Defendants' arguments.  The Court begins its analysis with whether Plaintiff's Amended Complaint is a shotgun pleading.

### III.   The Amended Complaint is a Shotgun Pleading.

Defendants argue the Amended Complaint is a shotgun pleading because it does not identify which law enforcement officers took certain actions, intertwines different theories against all Defendants within one claim, and does not identify the factual basis for the claims. DE 28 at 7–8.

Fed. R. Civ. P. Rule 8(a)(2) requires "a short and plain statement that fairly notifies defendants of the claims against them and the supporting grounds of those claims." *Dressler v. Equifax, Inc.*, 805 F. App'x 968, 972 (11th Cir. 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Shotgun pleadings fail to meet this standard, in that through a variety of hallmarks, they make it "virtually impossible" for defendants to understand which allegations of fact support which causes of action. *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015).  These hallmarks of confusion include containing many causes of action that adopt the allegations of other causes of action, containing many "conclusory, vague, and immaterial facts" disconnected from specific causes of action, not separating "causes of action into separate counts," and containing multiple causes of action and defendants while not specifying

---

[3] The proposed second amended complaint was intended to be an attachment to Plaintiff's Response but, contrary to Plaintiff's intentions, was docketed as a Second Amended Complaint. DE 36 at 2.

"which defendants are responsible for which acts and omissions." *Id.* at 1320.  A classic example of a shotgun pleading is one in which separate, discrete causes of action are all included in the same count. *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996).

The Amended Complaint is a shotgun pleading.  The Court cannot ascertain the number of distinct causes of action are alleged because Plaintiff fails to separate each distinct action based on a separate legal theory into different counts.  Instead, the Amended Complaint groups distinct actions together. *See* DE 25 at ¶ 28 (lumping together allegations of First and Fourth Amendment violations together).  The Amended Complaint also does not identify which specific Defendants are liable for which causes of action.  Further, the Amended Complaint contains a long recitation of factual allegations against various named and unnamed FHP officers, but then, in discussing the causes of action, does not specify which aspects of those interactions were unlawful.  For example, the Court cannot determine which physical contact between Plaintiff and various defendants is alleged to be unlawful, rendering difficult a qualified immunity analysis.

Therefore, the Court **DISMISSES** the Amended Complaint for Plaintiff to file a second amended complaint in compliance with the law's requirement for fair notice to Defendants, including a recitation of the distinct of causes of action and the identity of which Defendants are allegedly liable for which causes of action.[4]

### IV.    Remaining Arguments for Dismissal

The Court turns to Defendants' remaining arguments.  Defendants claim qualified immunity bars this suit; alternatively, Plaintiff has failed to state a claim for First, Fourth, and Eight Amendment violations. DE 28 at 8–19.  Lastly, Defendants allege Plaintiff's claims are redundant and his request for punitive damages must be stricken. *Id.* at 20.   In analyzing the

---

[4] The Plaintiff's proffered amended complaint at docket entry 37 is also a shotgun pleading for some of the reasons set forth in this Order.

sufficiency of claims, a court may dismiss a complaint that fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### a. The Amended Complaint does not name a government entity; therefore, an allegation of an unconstitutional custom or practice is not necessary.

Defendants argue that Plaintiff has failed to plead an official capacity Section 1983 claim because he has not alleged an unconstitutional custom or policy gave rise to the constitutional violations. DE 28 at 12–13. Plaintiff has not sued a governmental entity nor any officer in their official capacity. *See* DE 25 (expressly stating officers are being sued in their individual capacities nine times, and even noting some actions were contrary to FHP policy, despite stating once that he was suing Defendants in their individual and official capacities). Therefore, he is not required to a plead the existence of an unconstitutional custom or policy by a governmental entity. *Cf., e.g.*, *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (stating Section 1983 litigants suing government entities must plead the existence of an unconstitutional custom or policy).

### b. The Amended Complaint fails to state a claim for cruel and unusual punishment.

Plaintiff raises a claim under the Eight Amendment for a cruel and unusual punishment in his interaction with law enforcement. But the Eight Amendment's "proscription against cruel and unusual punishment applies only after a criminal conviction." *Gilmere v. City of Atlanta, Ga.*, 737 F.2d 894, 905 (11th Cir. 1984), on reh'g, 774 F.2d 1495 (11th Cir. 1985). Since Plaintiff's allegations are based on the law enforcement officers' actions during two arrests, Plaintiff has not stated an Eight Amendment claim based on a cruel and unusual punishment.

For the foregoing reasons, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss, DE 28, is **GRANTED IN PART and DENIED IN PART**.  The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. Defendants' Second Motion to Dismiss, DE 41, is **DENIED AS MOOT** since it seeks to dismiss Plaintiff's filing at docket entry 37 which is a proposed amended pleading.

3. The Court **GRANTS LEAVE TO AMEND** the Amended Complaint to Plaintiff to cure the issues discussed in this Order.  Plaintiff shall file a second amended complaint by up to and including March 1, 2024.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of February, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE